HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

One Logan Square
27th Floor
Philadelphia, PA 19103-6933
215.568.0300/facsimile
www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
PLYMOUTH MEETING, PA

**Matthew A. Hamermesh**
**Direct Dial: 215.496.7054**
**E-mail: mhamermesh@hangley.com**

September 25, 2026

**Via Email and ECF Filing**

The Honorable Catherine Henry
United States District Court for the Eastern
District of Pennsylvania
James A. Byrne United States Courthouse
601 Market St., Room 5118
Philadelphia, PA 19106

Re: *In re Whitehall Trust*, 26-2170 and *In re Saucon Trust*, 26-2211

Dear Judge Henry:

I am co-counsel for Lehigh Valley 1, LLC ("Lender"), the appellee in the above-referenced appeals. I am writing to request that the Court schedule oral argument and decide the appeals on an expedited basis.

These appeals concern the Bankruptcy Court's order of March 19, 2026, dismissing the bankruptcy cases of Whitehall Trust and Saucon Trust, the appellants (the "Trusts"). The Bankruptcy Court properly concluded the Trusts are not "business trusts" and therefore are not eligible to be debtors in bankruptcy under 11 U.S.C. § 109. Entry of this order ordinarily would allow Lender's foreclosure actions pending before your Honor – Case Nos. 5:24-cv-2627 (E.D. Pa. 2024) and 5:24-cv-2709 (E.D. Pa. 2024) – to proceed due to the termination of the automatic stay upon the dismissal of the bankruptcy cases.

However, as your Honor is aware, the Bankruptcy Court entered a stay pending appeal of the dismissal order, which your Honor subsequently confirmed. (ECF No. 35.) As a result, Lender is not able to pursue its foreclosure actions presently, notwithstanding that the Trusts have been found not to be eligible to be in bankruptcy and therefore not entitled to the benefit of the automatic stay.

In order to mitigate the harm and delay to the Lender resulting from the continuing stay of the foreclosure actions, Lender respectfully requests that the Court schedule oral argument of these appeals, and then decide them, as promptly as possible. Lender, as

appellee, is filing its brief contemporaneously with this letter. The Trusts' reply brief are due in two weeks. Fed. R. Bankr. P. 8018(a)(3). Subject to counsels' availability, Lender asks that the Court schedule argument approximately two weeks after the Trusts' reply brief is due, which would be in or around the last week of October.

Respectfully,

Matthew A. Hamermesh

MAH/kem

cc: Phillip D. Berger, Esquire
Eric Del Pozo, Esquire
Rachel Jaffe Mauceri, Esquire
Anne Aaronson, Esquire
Phillip Berger, Esquire