HANGLEY
ARONCHICK
SEGAL
PUDLIN
& SCHILLER

ATTORNEYS AT LAW / A PROFESSIONAL CORPORATION

One Logan Square
27th Floor
Philadelphia, PA 19103-6933
215.568.0300/facsimile

www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
PLYMOUTH MEETING, PA

**Matthew A. Hamermesh**
**Direct Dial: 215.496.7054**
**E-mail: mhamermesh@hangley.com**

September 29, 2026

**Via Email and ECF Filing**

The Honorable Catherine Henry
United States District Court for the Eastern
District of Pennsylvania
James A. Byrne United States Courthouse
601 Market St., Room 5118
Philadelphia, PA 19106

Re: *In re Whitehall Trust*, 26-2170 and *In re Saucon Trust*, 26-2211

Dear Judge Henry:

I am co-counsel for Lehigh Valley 1, LLC ("Lender"), the appellee in the above-referenced appeals. I am writing in response to the letter from counsel for Whitehall Trust and Saucon Trust (the "Trusts"), dated September 28, 2026 (ECF No. 43), which was in response to my letter of September 25.

We appreciate that the Trusts concur that these appeals should be resolved as expeditiously as possible. However, we are compelled to write to correct several misstatements in the Trusts' letter.

The Trusts seek to place the blame for the long pendency of these appeals on Lender. That is not correct. The long delay to get to this point—with briefing almost completed—is the result of the Trusts' unnecessary and unsuccessful detour seeking a direct appeal to the Court of Appeals to circumvent this Court's review.

The harm and delay to Lender from the lengthy duration of this appeal stems from the Trusts' futile attempt to obtain a direct appeal to the Court of Appeals and failure to do anything to expedite that process. The Trusts waited the full 14 days available to file their notice of appeal in the first place. (Bankr. ECF 25-15241, No. 269.) Then, after the Bankruptcy Court granted certification on April 20 (Bankr. ECF 25-15241, No. 286), the Trusts waited another 15 days before filing their petitions with the Court of Appeals. (Case Nos. 26-8020, 26-8021.) The Trusts then made no effort to obtain expedited

consideration from the Court of Appeals. The Court of Appeals took 109 days to decide the petitions, which it denied. In other cases undersigned counsel is aware of, the Court of Appeals has taken 15-60 days to decide petitions for direct appeal from bankruptcy court decisions.

Nor are the Trusts' complaints about the Lender's opposition to the petitions for certification well taken. Lender opposed the petitions for certification because a direct appeal is simply not appropriate in this case, as the Court of Appeals' actual denial of the petition reflects. Nor would the Lender's consent to certification of a direct appeal have made any difference. Even if Lender had provided that consent, the parties would still need to petition the Court of Appeals for authorization of a direct appeal. 28 U.S.C. § 158(d)(2). Nothing in this matter suggests that the Court of Appeals would have reached a different decision and granted the petition if Lender consented to certification.

In any event, expedited resolution of this appeal is appropriate for one reason: to bring an end to delays in the implementation of the Bankruptcy Court's obviously correct decision to dismiss the Trusts' bankruptcy cases. Resolution of this appeal will allow prompt and proper implementation of the dismissal of the bankruptcy cases and the continuation of the pending Foreclosure Actions, and would further allow this Court's appointed Receiver to proceed in accordance with the instructions and requirements Your Honor set forth in the order appointing the Receiver and subsequent orders, before this improper ten-month detour created by the Trusts' improper bankruptcy filings.

Respectfully,

Matthew A. Hamermesh

MAH/kem

cc: Phillip D. Berger, Esquire
Eric Del Pozo, Esquire
Rachel Jaffe Mauceri, Esquire
Anne Aaronson, Esquire
Phillip Berger, Esquire